# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 21-88 |
| BURNEAL ELLIOTT | SECTION: D (1) |

### ORDER and REASONS

Before the Court is a Motion to Dismiss Counts 1 and 2 of the Indictment, filed by defendant, Burneal Elliott.[1] The Government opposes the Motion.[2] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **DENIES** the Motion.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On July 16, 2021, Burneal Elliott was indicted by a Grand Jury on a four-count Indictment; only two of the counts are at issue in the motion before the Court. Specifically, the counts at issue are Count 1 of the Indictment, which charges Defendant with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2), and Count 2 of the Indictment which charges Defendant with possession of a machine gun in violation of 18 U.S.C. § 922(o) and 924(a)(2).[3] On April 11, 2023, Defendant pled guilty to Counts 1, 2, 3, and 4 of the Grand Jury Indictment.[4] He is awaiting sentencing.

---

[1] R. Doc. 94.
[2] R. Doc. 101.
[3] R. Doc. 1.
[4] R. Doc. 71.

On November 17, 2023, over six months after pleading guilty in the matter, Defendant filed the instant Motion to Dismiss Counts 1 and 2 of the Indictment.[5]

## II.   LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b)(1) provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Federal Rule of Criminal Procedure 12(b)(3) then provides:

> **Motions that Must be Made Before Trial.** The following defenses, objections, and requests must be raised by pretrial motion if the basis for the motion is then reasonable available and the motion can be determined without a trial on the merits:
> . . .
> (B) a defect in the indictment, or information; including:
> . . .
> (v) failure to state an offense; . . . .[6]

## III.   ANALYSIS

*A. Defendant's motion is untimely.*

As noted above, Rule 12(b)(3) of the Federal Rules of Criminal Procedure provides that any motion alleging a defect in the indictment, including for failure to state an offense, must be raised before trial.[7] "If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely."[8] Rule 12(c)(3) provides, "If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely. But a court may consider the defense, objection, or request if the party

---
[5] R. Doc. 94.
[6] Fed. R. Crim. P. 12(b)(3)(B)(v).
[7] *Id.*
[8] Fed. R. Crim P. 12(c)(3).

shows good cause."[9]  Here, Defendant did not file the instant Motion to Dismiss until November 17, 2023, more than seven months after he pleaded guilty to the Indictment he now challenges.[10]  His Motion, therefore, is untimely.[11]

Seemingly recognizing that his Motion is untimely, Defendant asks the Court to exercise its discretion to permit the untimely motion in the interest of judicial economy and to cure potential defects in the proceedings.[12]  Absent that single sentence, Defendant provides no reason, let alone good cause, for the untimeliness of the Motion.  The Court finds that Defendant has failed to show good cause and, pursuant to Fed. R. Crim. P. 12(c)(3), the Court will not consider the untimely Motion.  Moreover, the basis of Defendant's Motion is the United States Supreme Court's opinion in *New York State Rife & Pistol Association, Inc. v. Bruen*.[13]  That opinion was released and widely circulated among the legal community, as well as among the general community, on June 23, 2022, almost a year before Defendant's guilty plea and a year and a half before Defendant's Motion to Dismiss was filed.  Thus, the Court also finds that the basis for Defendant's Motion was reasonably available to Defendant prior to his plea of guilty.[14]

---

[9] *Id.*
[10] *See,* R. Docs. 71 & 94.
[11] Nor has Defendant moved to withdraw his guilty plea under Federal Rule of Criminal Procedure 11(d), which requires that the defendant show a fair and just reason for requesting the withdrawal. Fed. R. Crim. P. 11(d)(2)(B).
[12] R. Doc. 94-1 at p. 1.
[13] *Id.* at pp. 2-14 (citing *Bruen,* 597 U.S. 1, 142 S.Ct. 2111, 213 L.Ed.2d 387 (2022)).
[14] *See,* Fed. R. Crim P. 12(b)(3).

### B. *Defendant's challenge is without merit.*

Because the Court has determined that Defendant's Motion is untimely, and further that Defendant has failed to show good cause for the Court to consider the untimely Motion, the Court need not address the merits of the Motion. Nevertheless, the Court finds that Defendant's challenge to the constitutionality of 18 U.S.C. § 922(g)(1) is without merit. Defendant fails to establish that § 922(g)(1), which makes it unlawful for a felon to possess a firearm, is unconstitutional and violates the Second Amendment under the test set forth by the Supreme Court in *Bruen*.[15] This Court is bound by and concurs with the numerous opinions in similar cases in this Circuit, as well as opinions from other circuits rejecting such a challenge, as detailed in the Government's Opposition brief.[16]

Moreover, in arguing that Count 1 of the Indictment, which charges Defendant with a violation of 18 U.S.C. § 922(g)(1), is unconstitutional, Defendant relies upon the Fifth Circuit's decision in *United States v. Rahimi,* wherein the court held that 18 U.S.C. § 922(g)(8), which prohibits firearm possession by those subject to domestic violence restraining orders, is unconstitutional under the Second Amendment.[17] On June 21, 2024, the Supreme Court issued an opinion in *Rahimi,* reversing the Fifth Circuit and concluding that § 922(g)(8) is facially constitutional under the Second

---

[15] 597 U.S. 1, 142 S. Ct. 2111.
[16] R. Doc. 101 at pp. 2-4. The authority to determine whether the Fifth Circuit's pre-*Bruen* precedent regarding the constitutionality of § 922(g)(1) has been overturned by an intervening change in the law lies with the Fifth Circuit alone. *In re Bonvillian Marine Service,* 19 F.4th 787 (5th Cir. 2021).
[17] R. Doc. 94-1 at pp. 2-5 (citing *Rahimi*, 61 F.4th 443, 450 (5th Cir. 2023), *rev'd and remanded* 602 U.S. --, -- S.Ct. --, 2024 WL 3074728 (June 21, 2024)).

Amendment.[18] [19] The Supreme Court's decision in *Rahimi* further supports this Court's finding that 18 U.S.C. § 922(g)(1), as set forth against this Defendant in Count 1 of the indictment, is constitutional. Additionally, for the reasons set forth in the Government's Opposition brief, the Court finds Defendant's further challenges to 18 U.S.C. § 922(g)(1) are without merit.

Defendant also challenges the constitutionality of 18 U.S.C. § 922(o), as charged in Count 2 of the Indictment, as well as whether his guilty plea establishes the essential elements of the law.[20] Regarding the constitutionality of the law, Defendant recognizes that, "the Fifth Circuit has held that 'machineguns are dangerous and unusual and therefore not in common use,'" yet Defendant advances the argument that the Supreme court's decision in *Bruen* abrogated the analytical framework the Fifth Circuit was proceeding under in making that finding.[21] Defendant's argument is without merit. The Fifth Circuit's well-reasoned and detailed analysis of the constitutionality of 18 U.S.C. 922(o) in *Hollis v. Lynch* remains valid and is binding Fifth Circuit precedent on this Court, and this defendant. Defendant also appears to raise a question regarding whether his guilty plea establishes the essential elements of the law.[22] The Court again notes that Defendant has not moved to withdraw his guilty plea under Fed. R. Crim. P. 11(d).[23] The Court agrees with the Government that a motion to dismiss is not the appropriate

---

[18] *United States v. Rahimi*, 602 U.S. --, -- S.Ct. --, 2024 WL 3074728 (June 21, 2024).
[19] *Id.*
[20] R. Doc. 94-1 at pp. 12-13.
[21] *Id.* (quoting *Hollis v. Lynch*, 827 F.3d 436, 451 (5th Cir. 2016)).
[22] R. Doc. 94-1 at p. 13.
[23] *See, supra,* footnote 11.

vehicle to address the sufficiency of a plea.[24]  For the reasons stated in the Government's Opposition brief, the Court finds that Defendant's commerce clause challenge also fails.[25]

## IV.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Counts 1 and 2[26] is **DENIED.**

New Orleans, Louisiana, June 24, 2024.

*(signed)* Wendy B Vitter
**WENDY B. VITTER**
**United States District Judge**

---

[24] While recognizing that this Motion is not the appropriate method to challenge the sufficiency of a plea, the Court notes that Count 2 of the Indictment charges that Defendant "did knowingly possess a machine gun, that is, a Glock model 20, 10mm handgun, bearing serial number BKKX352, with a Glock auto-sear, in violation of Title 18 United Sates Code, Sections 922(o) and 924(a)(2)." R. Doc. 1 at p. 2.  At his rearraignment, Defendant fully admitted his guilt, confirming that he possessed the Glock 20, 10 mm firearm, and further that he "knew the firearm was equipped with an auto-sear making it fully automatic because he had handled the firearm before." R. Doc. 72 at p. 4.  The Factual Basis, signed by Defendant and counsel, further advised that the Government would have introduced evidence at trial that the Glock 20, 10 mm firearm was made capable of operating as a fully automatic weapon by the addition of the auto-sear.  *Id.* at p. 5.
[25] *See,* R. Doc. 101 at p. 13.
[26] R. Doc. 94.